**William E. JOHNSON, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**Civ. No. 85–678–DA.**

United States District Court,
D. Oregon.

Sept. 23, 1986.

James S. Coon, Aitchison, Imperati, Paull, Barnett & Sherwood, Portland, Or., for plaintiff.

Charles H. Turner, U.S. Atty., Craig J. Casey, Asst. U.S. Atty., Portland, Or., Kathryn A. Warma, Sp. Asst. U.S. Atty., Seattle, Wash., for defendant.

## ORDER

FRYE, District Judge:

The matter before the court is defendant's objections to the Amended Findings and Recommendation of United States Magistrate William M. Dale filed on August 14, 1986.

Plaintiff William E. Johnson filed this action pursuant to section 205(g) of the Social Security Act of 1935, as amended, 42 U.S.C. § 405(g) (the Act), to obtain judicial review of a final decision of the Secretary of the Department of Health and Human Services (Secretary) denying his application for a period of disability and disability insurance benefits under Title II of the Act prior to October 26, 1982. Judge Dale found that the Appeals Council has the authority to remand Johnson's case back to the Administrative Law Judge (ALJ) for a further hearing, but also found that the final decision of the Secretary that Johnson's period of disability did not commence until October 26, 1982 is not supported by substantial evidence in the record and should be set aside. Judge Dale found that Johnson has been disabled within the meaning of the Act since September, 1980. The Secretary has filed timely objections to Judge Dale's finding that September, 1980 is the date of onset of Johnson's disability. This court reviews that finding *de novo.*

Judge Dale detailed the background of Johnson's disability in the Amended Findings and Recommendation. *See* pp. 8–12. Those facts will not be repeated here. Judge Dale found that the conclusion of the ALJ, adopted by the Secretary, that Johnson was disabled as of October 26, 1982 has no support in the record other than that a letter from Dr. Ellison diagnosing plaintiff's condition as "irritation of the median and ulnar nerves" bears that date. Judge Dale explained:

... The letter merely reiterates the earlier opinion of the doctor concerning the functional limitations of Johnson's arm and what should be expected in the future. There is nothing in the letter or in the entire record to even remotely suggest that stresses in Johnson's life culminated in a major depression in 1982. The episodes in Johnson's life which were the cause of great stress to him occurred back in 1980 and before. In 1975 he suffers the on-the-job injury which prevents him from continuing with his millwright job, a job which suits his peculiar personality. His lack of work leads to marital discord in 1979 culminating in divorce and an attempted suicide in 1980. It was during this period, according to

337

the testimony of Johnson, that the pain in his arm began to increase.

Amended Finding and Recommendation at 13.

Although Judge Dale did not specifically explain his reason for selecting September, 1980 as the date of disability, this date coincides with Johnson's attempted suicide.

## DISCUSSION AND RULING

■ The issue faced by Judge Dale and by this court is whether the onset date chosen by the ALJ is supported by substantial evidence, not whether an earlier date could or should have been chosen. *Swanson v. Secretary of Health and Human Services*, 763 F.2d 1061, 1065 (9th Cir.1985). The Secretary asserts that while a rational argument could be made to establish the onset of disability at September, 1980, there is substantial evidence in the record to support the Secretary's finding of October, 1982, and therefore, that date should be affirmed.

The critical date in this action is the date of onset of disability, not the date of diagnosis. However, if there is substantial evidence that these dates coincide, the decision of the Secretary should be affirmed. *Id.* at 1066. The ALJ found that Johnson "became disabled on or about October 26, 1982 when he sought medical help due to a significant increase in his physical symptomatology" and that prior to this time Johnson had the residual functional capacity to perform his past relevant work as a welder as well as numerous sedentary/light jobs which existed in substantial numbers in the nation's economy. In support of this finding the ALJ relied upon Johnson's testimony that since September, 1982 his left arm had grown worse and there was more pain in the armpit area. The ALJ noted that when the pain became worse Johnson sought medical help and that he had not seen a physician from 1978 until September, 1982, except on one occasion in March, 1979, at which time his condition was determined to be essentially the same as it was in April, 1978 when he was released to work on a full-time basis. The ALJ con-

cluded that a worsening in Johnson's condition in the fall of 1982 caused him to seek medical assistance from Dr. Crawshaw and Dr. Herz and that his physical symptoms continued to increase, resulting in his disability. The ALJ points to Dr. Ellison's report of September 9, 1982 in which Ellison notes that Johnson "only recently has developed signs of irritation of the median and ulnar nerves in the extremity." Exhibit 13–7, p. 237. Dr. Ellison subsequently wrote a report dated October 26, 1982 noting that Johnson's condition amounted to "permanent limitations." The ALJ concluded that based upon the record as of October 26, 1982, the stresses in Johnson's life culminated in such a major depression that he was precluded from working due to a significant increase in his physical symptomatology.

■ The ALJ's finding that Johnson's condition worsened in the fall of 1982 is supported by substantial evidence in the record. Johnson noted the worsening in his testimony. Ellison reported recent worsening. Johnson was motivated to seek medical help. While the date of his attempted suicide may support an inference that his mental condition was serious at an earlier date, the court finds that the onset date found by the ALJ is supported by substantial evidence and therefore must be affirmed.

IT IS HEREBY ORDERED that the final decision of the Secretary of February 22, 1985, that claimant became disabled as of October 26, 1982 is AFFIRMED. Judge Dale's Amended Finding and Recommendation of August 14, 1986 is NOT ADOPTED by this court.